UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'JON LEOCARDIE DUBOSE,

        Petitioner,

                                            Case No. 18-CV-12023
v.                                              Honorable Thomas L. Ludington

CONNIE HORTON,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE, STAYING THE PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE**

Michigan prisoner D'Jon Leocardie Dubose ("Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions. Petitioner was convicted of first-degree felony murder and first-degree child abuse following a bench trial in the Wayne County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and 15 to 30 years imprisonment in 2015. In his current habeas petition, Petitioner raises claims concerning the sufficiency of the evidence and the effectiveness of trial counsel. ECF No. 1. Respondent filed an answer to the petition and the state court record. ECF Nos. 4, 5. The matter is currently before the Court on Petitioner's Motion for a Stay and Abeyance of his pending habeas petition so that he may return to the state courts and exhaust his remedies as to additional claims concerning newly-discovered evidence and the effectiveness of appellate counsel. ECF No. 8.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. §§ 2254(b)(1)(A), 2254(c); *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of a petitioner's habeas claims before those claims may be considered on federal habeas review. Otherwise, the federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a petitioner invokes "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have "asserted both the factual and legal bases for the claims in the state courts." *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. In fact, Petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. He may then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claims should first be addressed to and considered by Michigan courts.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations poses a concern. *Id.* at 277. The petitioner must show "good cause" for the failure to exhaust state remedies before proceeding in federal court, that he has not engaged in "dilatory tactics," and that the unexhausted claims are not "plainly meritless." *Id.*

In his motion, Petitioner shows the need for a stay. He wishes to pursue additional claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss his current habeas petition to allow further exhaustion of state remedies. Additionally, Petitioner seeks to present claims of newly discovered evidence and ineffective assistance of appellate counsel, which may provide good cause. Lastly, the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Given such circumstances, a stay of the proceedings is warranted.

Accordingly, it is **ORDERED** that Petitioner's Motion for Stay and Abeyance, ECF No. 8, is **GRANTED**.

It is further **ORDERED** that these proceedings are **STAYED** and the current habeas petition is **HELD IN ABEYANCE**. The stay is conditioned on Petitioner presenting the new unexhausted claims to the state courts within 90 days of the date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the habeas petition, using the same caption and case

number, within 30 days after fully exhausting his state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. This Court makes no determination as to the timeliness or merits of Petitioner's habeas claims.

It is further **ORDERED** that this case is **CLOSED** for administrative purposes pending compliance with these conditions.

Dated: January 25, 2021                    s/Thomas L. Ludington
                                                                                     THOMAS L. LUDINGTON
                                                                                      United States District Judge